

**Arnold B. Calmann**
**(973) 645-4828**
**abc@saiber.com**

May 6, 2025

**BY CM/ECF**
The Honorable Karen M. Williams
United States District Judge
    For the District of New Jersey (Camden)
Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    **Re:**    *Theravance Biopharma R&D IP, LLC et al. v.*
            *Eugia Pharma Specialities Ltd. et al.*
            **Civil Action No. 1:23-00926-KMW-AMD (Consolidated)**

Dear Judge Williams:

    We represent Plaintiffs in the above matter, along with our co-counsel for the Theravance Plaintiffs, Womble Bond Dickinson (US) LLP, and co-counsel for the Mylan Plaintiffs, Rakoczy Molino Mazzochi Siwik LLP.

    On behalf of Plaintiffs and Defendants Mankind Pharma Ltd., Lifestar Pharma LLC, Cipla Limited and Cipla USA, Inc. ("Defendants"),[1] we write in response to the Court's inquiry regarding the time allotted for a technology tutorial during the *Markman* hearing.

    The parties have met and conferred and now jointly propose that the *Markman* hearing last no longer than **180 minutes**, split equally between the two sides. This proposed time would include technology tutorials by each side as determined by each respective side.

    ***Plaintiffs' Position:*** Subject to the Court's approval and guidance, Plaintiffs intend to allocate about one-third of their 90-minute presentation to their technology tutorial.

    Additionally, Plaintiffs would like to advise Your Honor that the parties are currently discussing consolidation of the related complaint filed on May 2, 2025 (Case No. 25-cv-3790). In light of that recent filing, we respectfully submit that it would be more efficient for the Court to schedule the *Markman* hearing after Plaintiffs' application for consolidation and expedited claim construction exchanges and supplemental claim construction briefing, which Plaintiffs intend to

---

[1] Eugia Pharma Specialities Ltd., Eugia US LLC, Aurobindo Pharma USA, Inc., and Aurobindo Pharma Limited (collectively, "Eugia") did not propose any claim terms for construction.

Saiber LLC • 18 Columbia Turnpike, Suite 200 • Florham Park, New Jersey • 07932-2266 • Tel 973.622.3333 • Fax 973.622.3349 • www.saiber.com

Florham Park • Newark • New York • Philadelphia

present to Judge Donio for the Court's consideration. Plaintiffs intend to propose that the Court conduct a single *Markman* hearing later this summer to ensure all claim construction issues are decided at the same time. In that way, the Court can avoid unnecessary duplicative hearings in order to resolve the claim construction issues regarding the related patents.

**Defendants' Position:** Subject to the Court's approval and guidance, Defendants intend to provide a 90-minute presentation that will include technology tutorial and argument in support of Defendants' claim constructions.

Plaintiffs' position on the *Markman* hearing and consolidated schedule is premature and not ripe for the Court at this time. The new patent, U.S. Patent No. 12,285,417 ("the '417 patent"), just issued on April 29, 2025; Plaintiffs filed their Complaint on May 2, 2025; and the parties have yet to agree on consolidation or discuss a consolidated schedule. Defendants similarly wish to avoid unnecessary and duplicative hearings relating to claim construction issues, but that can only be accomplished by assurances from Plaintiffs relating to future asserted patents. Plaintiffs still have a number of pending patent applications related to the currently asserted patents, which may result in further related litigations and additional *Markman* hearings. As it currently stands, the parties have fully briefed their claim construction positions and are ready for the *Markman* hearing, which has already been delayed as a result of an additional patent added in September 2024. Unless Plaintiffs can provide some type of assurances, there is no guarantee there will not be future *Markman* hearings, even if the '417 patent is incorporated into the existing *Markman* schedule. That being said, Defendants are amenable to considering Plaintiffs' proposed schedule once it is provided. Defendants further believe that any future or consolidated schedule should account for narrowing of Plaintiffs' asserted patents and claims. Currently, 12 patents and 142 claims are asserted against the Defendants, with a potential 13th patent and an additional 16 claims from the '417 patent.

We thank the Court for its consideration and assistance in this matter, and we look forward to hearing from the Court.

Respectfully submitted,

Arnold B. Calmann

cc:   Counsel of Record (by CM/ECF)