Loly G. Tor
(loly.tor@klgates.com)
**K&L Gates LLP**
One Newark Center, 10th Floor
Newark, NJ 07102
(T) 973.848.4026
(F) 973.848.4001

*Attorneys for Defendants/Counterclaim-Plaintiffs*
*Cipla Limited and Cipla USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THERAVANCE BIOPHARMA R&D IP, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EUGIA PHARMA SPECIALITIES LTD., et al., <br><br> Defendants. | C.A. No. 1:23-cv-00926-KMW-AMD <br> (Consolidated) <br><br> **CERTIFICATION OF** <br> **LOLY G. TOR IN SUPPORT OF** <br> **MOTION TO SEAL** |

I, LOLY G. TOR, hereby certify as follows:

1. I am an attorney admitted to practice law in this Court and a partner with the law firm of K&L Gates LLP, attorneys for Defendants and Counterclaim-Plaintiffs Cipla Limited and Cipla USA, Inc. (collectively, "Cipla"). I have personal knowledge of the facts set forth herein and submit this Certification in Support of Defendants' Motion to Seal in the above-captioned action pursuant to Local Civ. R. 5.3(c). A proposed form of order including proposed findings of fact and conclusions of law is submitted herewith ("Sealing Order"). Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, LLC, Theravance Biopharma Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P. (collectively, "Plaintiffs") take no position as to the

confidentiality of the material sought to be sealed, but for purposes of this motion only, do not oppose the relief sought.

2.  On February 28, 2025, and on April 18, 2025, Cipla and Defendants Mankind Pharma Ltd. and Lifestar Pharma LLC (collectively, "Mankind") filed their opening and rebuttal Markman briefing. Plaintiffs also filed their opening and rebuttal Markman briefing. Portions of the briefing contain confidential, proprietary, and closely-guarded information relating to the active pharmaceutical ingredient of Cipla's proposed ANDA product, such amounts of ingredient as deemed proprietary by Cipla, characteristics of Cipla's ANDA Product, and materials (such as deposition transcript excerpts) discussing the same.

3.  On February 28, 2025, Cipla and Defendants Mankind Pharma Ltd. and Lifestar Pharma LLC (together with Cipla, "Defendants") and Plaintiffs filed their Opening Markman Briefing and associated exhibits and expert declarations. Portions of Plaintiffs' Opening Markman Briefing (D.I. 310) and expert declaration of Dr. Myerson (D.I. 310-1) and associated exhibits in their entirety (D.I. 310-2, 310-3) contain Cipla's confidential and proprietary information.

4.  On April 18, 2025, Defendants and Plaintiffs filed their Rebuttal Markman Briefing and associated exhibits and expert declarations. Portions of Plaintiffs' Rebuttal Markman Briefing (D.I. 333) and expert declaration of Dr. Myerson (D.I. 333-2) and associated exhibit in its entirety (D.I. 333-1) contain Cipla's confidential and proprietary information. Similarly, portions of Defendants' Rebuttal Markman Briefing (D.I. 335) and associated exhibit (D.I. 338/336-3) contain Cipla's confidential and proprietary information.

5.  The public's general right of access to court records is substantially outweighed by the irreparable harm that Cipla would suffer if the confidential, proprietary, and non-public information Cipla has identified herein were unsealed, as further outlined below.

6.   Cipla seeks to seal in part Defendants' and Plaintiffs' Markman briefing and associated exhibits (D.I. Nos. 310, 310-1, 333, 333-2, 335, and 338/336-3), and to seal in their entirety certain associated exhibits to Defendants' and Plaintiffs' Markman briefing (D.I. 310-2, 310-3, 333-1). These documents contain confidential, proprietary, and non-public information concerning the active pharmaceutical ingredient ("API") contained in Cipla's proposed ANDA product, including characteristics of Cipla's API, as well as non-publicly available characteristics of Cipla's ANDA Product, including excipients.

7.   Cipla operates in a highly competitive market. The information relating to Cipla's proposed ANDA Product and API is closely guarded by Cipla and was included in these documents under the expectation that the privacy of the information would be preserved. Broad dissemination would put Cipla at a competitive disadvantage within its market. Courts consistently grant requests to seal confidential business information or trade secrets because the injury caused to a party's competitive standing is a serious harm warranting sealing judicial records. *See, e.g.*, *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *10 (D.N.J. July 18, 2007); *AYR Composition, Inc. v. Rosenberg*, 261 N.J. Super. 495, 504 (App. Div. 1993); *Cubist Pharm. LLC. v. Amneal Pharm. LLC*, No. 19-cv-15439, 2020 WL 13555507, at *1 (D.N.J. Sept. 10, 2020) ("This is a pharmaceutical patent infringement action. As such, a significant portion of the materials . . . may contain proprietary and confidential research, development and business information of Defendants.").

8.   The portions that Cipla seeks to seal are non-public information relating to Cipla's proposed ANDA product and/or API. Specifically, the information proposed to be sealed relates the API in Cipla's proposed ANDA product and Cipla's ANDA Product, including the

characteristics thereof, which is sensitive, non-public information reflecting Cipla's regulatory and research and development strategies in designing its ANDA product. This Court has found that disclosure of similar confidential information, such as that which contains "the formulation of its proposed ANDA product" amounts to good cause to seal or redact such information. *See Supernus Pharms., Inc. v. Actavis, Inc.,* No. 13-cv-4740, 2015 WL 12838821, at *2 (D.N.J. June 3, 2015) ("[T]he Court finds that Actavis possesses a legitimate private interest in keeping these materials confidential . . . [and] that if the subject materials are made public Actavis could face a competitive disadvantage, therefore, it would be harmed."); *In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004) (sealing papers concerning "the parties' products, research and development . . . formulas;" "[t]he presence of trade secrets or other confidential materials weighs against public access, and, accordingly, documents containing such information may be protected from disclosure"); *Impax Labs., Inc. v. Zydus Pharm. (USA) Inc.,* No. 17-13476, 2018 U.S. Dist. LEXIS 206044, at *3 (D.N.J. Dec. 6, 2018) (granting motion to seal where record "refers to proprietary commercial and business interests, including information relevant to Defendants' . . . formulation of its ANDA product, which is presently unavailable to the public"); *Depomed, Inc. v. Purdue Pharma L.P.,* No. 13-571, 2017 U.S. Dist. LEXIS 212, at *6–8 (D.N.J. Jan. 3, 2017); *Boehringer Ingelheim Pharma GmbH & C. KG v. Mylan Pharms. Inc.*, No. 14-4727, 2015 U.S. Dist. LEXIS 103716, at *6 (D.N.J. Aug. 7, 2015); *Purdue Pharm. Products v. Actavis Elizabeth,* No. 12-cv-05311, 2015 U.S. Dist. LEXIS 111363, at *2 (D.N.J. Aug 24, 2015).

9.   Cipla proposes a balanced approach of limited redactions where strictly necessary. Given the clearly defined and serious injury that would result if the relief is not granted, Cipla has chosen the least restrictive method of protecting the confidential, proprietary, and non-public information at issue in the documents outlined herein.

10. There are prior sealing orders in this action relating to Cipla's confidential information: (1) sealing order filed on February 13, 2024 to seal portions of the letters and exhibits regarding Plaintiffs' Application to Compel (D.I. 213); and (2) sealing order filed on February 20, 2024 to seal portions of the telephonic conference held on January 31, 2024 (D.I. 217); and (3) sealing order filed on March 20, 2024 to seal in part Exhibit A to Plaintiffs' Certification (D.I. 218-2) (D.I. 226). I am not aware of any party or nonparty known to be objecting to the sealing or redaction of any of the documents described herein.

I certify under penalty of perjury that the foregoing is true and correct.

Date: May 6, 2025

*s/ Loly G. Tor*
Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
(T) 973.848.4000
(F) 973.848.4001
loly.tor@klgates.com

*Attorney for Defendants and Counterclaim-Plaintiffs Cipla Limited and Cipla USA, Inc.*