| | |
|---|---|
| **BLANK ROME LLP** <br> A Pennsylvania LLP <br> MICHAEL R. DARBEE <br> 300 Carnegie Center, Suite 220 <br> Princeton, NJ 08540 <br> Telephone: (609) 750-2649 <br> Facsimile: (609) 228-5417 <br> Michael.Darbee@BlankRome.com | **BLANK ROME LLP** <br> A Pennsylvania LLP <br> JAY P. LESSLER <br> 271 Avenue of the Americas <br> New York, NY 10020 <br> Telephone: (212) 885-5176 <br> Facsimile: (917) 332-3773 <br> Jay.Lessler@BlankRome.com |

*Attorneys for Defendants Mankind Pharma Ltd. and its subsidiary Lifestar Pharma LLC*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERAVANCE BIOPHARMA R&D IP, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EUGIA PHARMA SPECIALITIES LTD., et al., <br><br> Defendants. | C.A. No. 1:23-cv-00926-KMW-AMD <br> (Consolidated) <br><br> **CERTIFICATION OF** <br> **JAY P. LESSLER IN SUPPORT OF** <br> **MOTION TO SEAL** |

I, JAY P. LESSLER, hereby certify as follows:

1. I am an attorney admitted to practice law in this Court and a partner with the law firm of Blank Rome LLP, attorneys for Defendants Mankind Pharma Ltd. and its subsidiary Lifestar Pharma LLC. (collectively, "Mankind"). I have personal knowledge of the facts set forth herein and submit this Certification in Support of Defendants' Motion to Seal in the above-captioned action pursuant to Local Civ. R. 5.3(c). A proposed form of order including proposed findings of fact and conclusions of law is submitted herewith ("Sealing Order"). Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, LLC, Theravance Biopharma

Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P. (collectively, "Plaintiffs") take no position as to the confidentiality of the material sought to be sealed, but for purposes of this motion only, do not oppose the motion.

2. On February 28, 2025, and on April 18, 2025, Mankind and Defendants Cipla Limited and Cipla USA, Inc. (collectively, "Cipla") filed their opening and rebuttal Markman briefing. Plaintiffs also filed their opening and rebuttal Markman briefing. Exhibit 12 of Plaintiffs' Opening Markman Brief (D.I. 310-5) is an excerpt of Mankind's confidential non-infringement contentions. This document contains confidential, proprietary, and non-public information concerning the active pharmaceutical ingredient ("API") used to prepare Mankind's proposed ANDA product, and characteristics of Mankind's ANDA Product.

3. The public's general right of access to court records is substantially outweighed by the irreparable harm that Mankind would suffer if the confidential, proprietary, and non-public information Mankind has identified herein were unsealed, as further outlined below.

4. Thus, Mankind seeks to seal in its entirety this exhibit to Plaintiffs' Opening Markman Brief (D.I. 310-5).

5. Mankind operates in a highly competitive market. The information relating to Mankind's proposed ANDA Product and API is closely guarded by Mankind and was included in these documents under the expectation that the privacy of the information would be preserved. Broad dissemination would put Mankind at a competitive disadvantage within its market. Courts consistently grant requests to seal confidential business information or trade secrets because the injury caused to a party's competitive standing is a serious harm warranting sealing judicial records. *See, e.g.*, *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *10

2

(D.N.J. July 18, 2007); *AYR Composition, Inc. v. Rosenberg*, 261 N.J. Super. 495, 504 (App. Div. 1993); *Cubist Pharm. LLC. v. Amneal Pharm. LLC*, No. 19-cv-15439, 2020 WL 13555507, at *1 (D.N.J. Sept. 10, 2020) ("This is a pharmaceutical patent infringement action. As such, a significant portion of the materials . . . may contain proprietary and confidential research, development and business information of Defendants.").

6. The portions that Mankind seeks to seal are non-public information relating to Mankind proposed ANDA product and/or API. Specifically, the information proposed to be sealed relates the API in Mankind's proposed ANDA product and Mankind's ANDA Product, including the characteristics thereof, which is sensitive, non-public information reflecting Mankind's regulatory and research and development strategies in designing its ANDA product. This Court has found that disclosure of similar confidential information, such as that which contains "the formulation of its proposed ANDA product" amounts to good cause to seal or redact such information. *See Supernus Pharms., Inc. v. Actavis, Inc.,* No. 13-cv-4740, 2015 WL 12838821, at *2 (D.N.J. June 3, 2015) ("[T]he Court finds that Actavis possesses a legitimate private interest in keeping these materials confidential . . . [and] that if the subject materials are made public Actavis could face a competitive disadvantage, therefore, it would be harmed."); *In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004) (sealing papers concerning "the parties' products, research and development . . . formulas;" "[t]he presence of trade secrets or other confidential materials weighs against public access, and, accordingly, documents containing such information may be protected from disclosure"); *Impax Labs., Inc. v. Zydus Pharm. (USA) Inc.,* No. 17-13476, 2018 U.S. Dist. LEXIS 206044, at *3 (D.N.J. Dec. 6, 2018) (granting motion to seal where record "refers to proprietary commercial and business interests, including information relevant to Defendants' . . . formulation of its ANDA product, which is presently unavailable to the public");

3

*Depomed, Inc. v. Purdue Pharma L.P.,* No. 13-571, 2017 U.S. Dist. LEXIS 212, at *6–8 (D.N.J. Jan. 3, 2017); *Boehringer Ingelheim Pharma GmbH & C. KG v. Mylan Pharms. Inc.*, No. 14-4727, 2015 U.S. Dist. LEXIS 103716, at *6 (D.N.J. Aug. 7, 2015); *Purdue Pharm. Products v. Actavis Elizabeth,* No. 12-cv-05311, 2015 U.S. Dist. LEXIS 111363, at *2 (D.N.J. Aug 24, 2015).

7. Mankind proposes a balanced approach of limited redactions where strictly necessary. Given the clearly defined and serious injury that would result if the relief is not granted, Mankind has chosen the least restrictive method of protecting the confidential, proprietary, and non-public information at issue in the documents outlined herein.

8. There is a prior sealing order in this action relating to Mankind's confidential information, filed on February 13, 2024 to seal portions of the letters and exhibits regarding Plaintiffs' Application to Compel (D.I. 213). I am not aware of any party or nonparty known to be objecting to the sealing or redaction of any of the documents described herein.

I certify under penalty of perjury that the foregoing is true and correct.

Date: May 6, 2025

*s/ Jay P. Lessler*
Jay P Lessler (NJ ID 37541997)
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5176
Facsimile: (917) 332-3773
Jay.Lessler@BlankRome.com

*Attorney for Defendants Mankind Pharma Ltd. and its subsidiary Lifestar Pharma LLC*