# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERAVANCE BIOPHARMA R&D IP, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EUGIA PHARMA SPECIALITIES LTD., et al., <br><br> Defendants. | C.A. No. 1:23-cv-00926-KMW-AMD <br> (Consolidated) <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO SEAL** |

**THIS MATTER** having come before the Court upon the motion of counsel for Defendants and Counterclaim-Plaintiffs, Cipla Limited and Cipla USA, Inc. (collectively, "Cipla") and Mankind Pharma Ltd. and Lifestar Pharma LLC (collectively, "Mankind") (together, "Defendants") for the entry of an Order to Seal, pursuant to Local Civil Rule 5.3, portions of the parties' Markman briefing and Defendants having reported to the Court that Plaintiffs Theravance Biopharma R&D IP, LLC, Theravance Biopharma US, LLC, Theravance Biopharma Ireland Limited, Mylan Ireland Limited, and Mylan Specialty L.P. (collectively, "Plaintiffs") take no position as to the confidentiality of the material sought to be sealed but, for purposes of this motion only, do not oppose the oppose the relief sought, and the Court having considered the Certification of Loly G. Tor and Certification of Jay. P. Lessler in support of Defendants' Motion to Seal, and having considered the factors of Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. On February 28, 2025, and on April 18, 2025, the parties filed their opening and rebuttal Markman briefing, respectively. Parts of the briefing contain Cipla's information that is included in the Markman Briefing documents is confidential, proprietary, and closely-guarded information relating to the characteristics of active pharmaceutical ingredient ("API") of Cipla's proposed ANDA product, and characteristics of Cipla's proposed ANDA product, including identification of excipients.

2. Defendants seek to seal in part portions of the parties' Markman briefing because portions of these documents contain confidential, proprietary, and non-public information concerning the API contained in Defendants' proposed ANDA products, including characteristics of such API as deemed proprietary by Defendants, and characteristics of Defendants' ANDA Products.

3. Defendants request that the documents be filed publicly only in their redacted form as the less restrictive alternative available to protect the information therein.

**CONCLUSIONS OF LAW**

4. The documents referenced above contain non-public information that is considered to be highly confidential and proprietary by Defendants.

5. Disclosure of this information would provide the public, including competitors, with insight into Defendants' non-public and proprietary business matters, causing Defendants to suffer competitive harm.

6. Accordingly, Defendants have a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the information were to be made public.

7. There exists no countervailing public interest in having access to the information at issue.

8. There exists no less restrictive alternative than to seal the information in part, as set forth above. Defendants have sought to seal only information entitled to protection. The majority of portions of the parties' Markman briefing will remain publicly available.

9. Defendants have satisfied the requirements for sealing under Local Civil Rule 5.3(c). Defendants have a legitimate private interest, within the meaning of Local Civil Rule 5.3(c), in avoiding the competitive harms described above, and that such legitimate private interest is sufficient to warrant granting the motion to seal as to portions of the parties' Markman briefing. L. Civ. R. 5.3(c); *In re Gabapentin Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. Feb. 5, 2004) (sealing papers concerning "the parties' products, research and development . . . formulas;" "[t]he presence of trade secrets or other confidential materials weighs against public access, and, accordingly, documents containing such information may be protected from disclosure"); *Impax Labs., Inc. v. Zydus Pharm. (USA) Inc.,* No. 17-13476, 2018 U.S. Dist. LEXIS 206044, at 3* (D.N.J. Dec. 6, 2018) (granting motion to seal where record "refers to proprietary commercial and business interests, including information relevant to Defendants' . . . formulation of its ANDA product, which is presently unavailable to the public"); *Depomed, Inc. v. Purdue Pharma L.P.,* No. 13-571, 2017 U.S. Dist. LEXIS 212, at *6–8 (D.N.J. Jan. 3, 2017); *Boehringer Ingelheim Pharma GmbH & C. KG v. Mylan Pharms. Inc.*, No. 14-4727, 2015 U.S. Dist. LEXIS 103716, at *6 (D.N.J. Aug. 7, 2015); *Purdue Pharm. Products v. Actavis Elizabeth,* No. 12-cv-05311, 2015 U.S. Dist. LEXIS 111363, at *2 (D.N.J. Aug 24, 2015).

**WHEREAS**, the Court having found that there are legitimate public and private interests that warrant the relief sought; and no other opposition to the motion having been filed; and for good cause shown;

**IT IS** on this day, _____, **ORDERED** that:

Defendants' motion to seal is **GRANTED** and certain portions of Defendants' and Plaintiffs' Markman briefing and associated exhibits (D.I. Nos. 310, 310-1, 333, 333-2, 335, and 338/336-3) are hereby ordered **SEALED**; and that certain associated exhibits (D.I. 310-2, 310-3, 310-5, 333-1) in their entirety are **SEALED.**

_____
Hon. Ann Marie Donio,
United States Magistrate Judge