<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THERAVANCE BIOPHARMA R&D IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EUGIA PHARMA SPECIALTIES LTD., *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-926 (KMW-AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Parties' claim construction briefs (Dkt. Nos. 310-11, 312, 333, 335, 336-38, 407-09) and joint letter to the Court (Dkt. No. 422) identifying the disputed claim constructions following the *Markman* hearing held on August 13, 2025 (Dkt. No. 420); and the Court, having considered the Parties' submission and arguments at the *Markman* hearing; and for good cause shown;

**IT IS** this 29th day of **August, 2025, ORDERED** that the Court construes the disputed claim terms as follows:

<u>**Barnes Patents**</u>

1. "[S]electing a patient having a percent predicted forced expiratory volume in one second less than 50 percent." (*See* Dkt. No. 422 at 1-2.) Defendants Mankind Pharma Ltd. and its subsidiary Lifestar Pharma LLC (collectively, "Defendants") argue that claim 1 of the '692 patent should be construed to include selecting a patient with "a low peak inspiratory flow rate." (*Id.*) The Court finds that a person

of ordinary skill in the art ("POSA") would understand the plain and ordinary meaning of this claim to recite a method of selecting a patient having *only* "a percent predicted forced expiratory volume in one second less than 50 percent," with such *selection* not requiring an accompanying inspiratory flow rate. As all patents are presumed valid under 35 U.S.C. § 286, introducing a question of claim patentability at a *Markman* claim construction stage is improper. *See Janssen Prods., L.P. v. eVenus Pharms. Lab'ys Inc.*, No. 20-9369, 2022 WL 1044970, at *7 (D.N.J. Apr. 7, 2022). Nonetheless, the Court further notes that Defendants' attempt to introduce such an argument must fail, as "it is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims." *Epos Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1341 (Fed. Cir. 2014). The Federal Circuit has clarified that "claim differentiation" presumes "the difference between claims is significant" and prohibits construing one claim to include a limitation expressed in another claim if that construction renders one of the claims "superfluous." *Tandon Corp. v. U.S. Int'l Trade Comm'n*, 831 F.2d 1017, 1023 (Fed. Cir. 1987). Here, Defendants' proposed construction of this claim term in the '692 and '417 patents would render the claims of the '531 patent superfluous, as those claims already recite a method of *selecting* a patient having *both* "a percent predicted forced expiratory volume in one second less than 50 percent" and a low peak inspiratory flow rate. The Court finds that the claims of the '692 patent are differentiated by reciting a method of selecting a patient having *only* "a percent predicted forced expiratory volume in one second less than 50 percent," with such *selection* not requiring an accompanying

2

inspiratory flow rate. The Court will not read a limitation regarding inspiratory flow rate into the foregoing embodiment, which involves prospective *selection* solely on the basis of expiratory volume. *See Epos Techs. Ltd.*, 766 F.3d at 1341. The Court further finds that the plain and ordinary meaning of this claim to a POSA is that it concerns a method of treating a patient with the characteristic of low peak inspiratory flow rate, which is a characteristic of chronic obstructive pulmonary disease ("COPD"), but not that the prospective patient is *selected* on the basis of low peak inspiratory flow rate. Accordingly, the Court does not construe this claim term, finding construction unnecessary.

2. "[w]herein the patient has a low peak inspiratory flow rate." (*See* Dkt. No. 422 at 2.) For the same reasons the Court has stated in Paragraph 1, *supra*, the Court does not construe this claim term, finding construction unnecessary.

3. "low peak inspiratory flow rate." The Court acknowledges the Parties' agreement on the construction of this term, and construes this term as "a peak inspiratory flow rate less than about 60 L/min." (*Id.*)

### Woollam Patents

1. "A pharmaceutical composition useful for treating [COPD] in a human patient, produced by the following step." (*See* Dkt. No. 422 at 2.) The Court acknowledges that the Parties agree that claim 1 of the '948 patent, of which this term is a preamble, is a product-by-process claim. Accordingly, the Court does not construe this claim phrase, finding construction unnecessary.

2. "[D]issolving." (*See id.* at 2-3.) The Court finds that a POSA would understand the plain and ordinary meaning of "dissolving" to be molecularly homogenously

3

dispersing and consequently finds no need for Defendants' proposed construction. *See Jazz Pharm., Inc. v. Amneal Pharm., LLC*, No. 13-cv-0391-ES-JAD, 2017 WL 5128748, at *11 (D.N.J. Nov. 6, 2017) (declining to construe "common, non-technical terms that, in light of the claim language and specification, do not require construction"). Accordingly, the Court does not construe this claim term, finding construction unnecessary

3. "[C]rystalline freebase." (*See* Dkt. No. 422 at 3.) The Court finds that a POSA would understand the plain and ordinary meaning of "crystalline freebase" to mean "a freebase substance having a regular repeating pattern of molecules that extends over long range in three dimensions." (*Id.*; *see* Dkt. No. 333 at 5); *see also Jazz Pharm., Inc.*, 2017 WL 5128748, at *11 (discussed *supra*). Accordingly, the Court does not construe this claim term, finding construction unnecessary.

4. "[S]olution." (*See* Dkt. No. 422 at 3.) The Court finds that a POSA would understand the plain and ordinary meaning of "solution" to mean "a homogeneous mixture of molecules." (*Id.*; *see* Dkt. No. 333 at 5); *see Jazz Pharm., Inc.*, 2017 WL 5128748, at *11. Accordingly, the Court does not construe this claim term, finding construction unnecessary.

5. "[W]herein crystalline freebase is dissolved in a solvent and then combined with the pharmaceutically acceptable carrier." (*See* Dkt. No. 422 at 3.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 3) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction

unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

6. "[W]herein crystalline freebase is dissolved." (*See* Dkt. No. 422 at 4.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 4) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

7. "[A] dissolved crystalline freebase." (*See* Dkt. No. 422 at 4.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 4) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

8. "[C]rystalline freebase of [revefenacin] in a solution." (*See* Dkt. No. 422 at 4-5.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 4-5) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

9. "[T]he crystalline freebase is in solution." (*See* Dkt. No. 422 at 5.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 5) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

10. "[S]olution of a crystalline freebase." (*See* Dkt. No. 422 at 5.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 5) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction

unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

11. "[S]olution comprising a crystalline freebase." (*See* Dkt. No. 422 at 6.) Because Defendants did not propose claim construction for this claim term either in their opening *Markman* brief (*see* Dkt. No. 312 at 17-20; Dkt. No. 422 at 6) or at the *Markman* hearing but rather argued that the claim that recites this term is a product-by-process claim, the Court does not construe this claim term, finding construction unnecessary. Nor does the Court pronounce that the claim in which this term appears recites a product-by-process. Such pronouncement is proper only at the dispositive motion stage because of infringement implications, which are not properly at issue here.

12. "[C]rystalline compound." (*See* Dkt. No. 422 at 6.) The Court finds that a POSA would understand "crystalline compound" to have its plain and ordinary meaning, in independent and dependent claims where it appears. *See Eisai R&D Mgmt. Co. v. Shilpa Medicare Ltd.*, No. 19-cv-19998, 2023 WL 3303593, at *9 (D.N.J. May 8, 2023) (quoting 37 C.F.R. § 1.75(c) ("One or more claims may be presented in dependent form, referring back to and further limiting another claim or claims in the same application.")). Accordingly, the Court does not construe this term, finding construction unnecessary.

13. "[C]rystalline form." (*See* Dkt. No. 422 at 6.) The Court finds a POSA would understand the plain and ordinary meaning of "crystalline form" to mean "solid

7

form having a repeating pattern of molecules that extends over long range in three dimensions." *See Jazz Pharm., Inc.*, 2017 WL 5128748, at *11 (declining to construe "common, non-technical terms that, in light of the claim language and specification, do not require construction"). Accordingly, the Court does not construe this term, finding construction unnecessary.

14. "[a] pharmaceutical composition prepared from." (*See* Dkt. No. 422 at 6-7.) The Court acknowledges that the Parties agree that no construction of claim term is required. (*See id.*) Accordingly, the Court does not construe this term.

*Karen M. Williams*
_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE